ALD-017                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2490
_____

FAWAD SHAH SYED,
                                            Appellant

v.

WARDEN LORETTO FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:23-cv-00122)
District Judge:  Honorable Stephanie L. Haines
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 26, 2023
Before: HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, Circuit Judges

(Opinion filed November 21, 2023)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Fawad Syed, proceeding pro se, appeals from the District Court's order dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, we will summarily affirm the District Court's order.

In 2013, following a jury trial, Syed was convicted, in the United States District Court for the Southern District of Georgia, of attempted online enticement of a minor, destruction of records, and attempted destruction of records. He was sentenced to 294 months' imprisonment. Syed appealed and the Eleventh Circuit Court of Appeals affirmed his conviction. United States v. Syed, 616 F. App'x 973 (11th Cir. 2015) (per curiam), cert denied, 577 U.S. 1240 (2016). Syed thereafter filed a motion to vacate pursuant to 28 U.S.C. § 2255, which was denied by the District Court. Syed v. United States, No. 117-036, 2018 WL 4494202 (S.D. Ga. July 6, 2018), report and recommendation adopted, 2018 WL 3738222 (S.D. Ga. Aug. 7, 2018).

On June 13, 2023, Syed filed a habeas petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Pennsylvania. Syed presented the following claims: (1) insufficiency of evidence to support a conviction, (2) entrapment which resulted in a due process violation, and (3) ineffective assistance of counsel. The Magistrate Judge filed a Report and Recommendation recommending that the petition be dismissed for lack of jurisdiction. Syed objected. On August 9, 2023, the District Court entered an order overruling Syed's objections and dismissing the petition. Syed appeals.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. In reviewing the District Court's dismissal of the § 2241 petition, we exercise plenary review over its legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We may summarily affirm a District Court's judgment on any basis supported by the record if the appeal does not raise a substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court correctly determined that Syed could not pursue his claims in a § 2241 petition. As recognized by the District Court, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences" on constitutional grounds. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Such claims may not be raised in a § 2241 petition, except where the remedy under § 2255 would be "inadequate or ineffective." 28 U.S.C. § 2255(e); Jones v. Hendrix, 599 U.S. 465, 475 (2023) (discussing the saving clause).

Syed has not argued, much less demonstrated, that this exception applies. Notably, he has not cited any "unusual circumstances mak[ing] it impossible or impracticable to seek relief in the sentencing court." Jones, 599 U.S. at 478.[1] Rather, he

---

[1] To the extent the District Court relied on the interpretation of the savings clause in In re Dorsainvil, 119 F.3d 245, 251–52 (3d Cir. 1997), that decision has been abrogated by Jones, 599 U.S. at 477.

presents claims that he either could have raised or did raise in his initial § 2255 motion or on direct appeal.  Although the limitations on second or successive § 2255 motions might prevent him from raising the claims in a new § 2255 motion, that does not make § 2255 inadequate or ineffective.  See Okereke, 307 F.3d at 120.

Accordingly, we will summarily affirm the District Court's judgment.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.